This is a consolidated appeal from judgments of conviction entered by Judge Timothy J. McGinty after appellant Vinton J. Neely pleaded guilty in three cases: possession of crack cocaine in an amount of one hundred grams or more, with a major drug offender ("MDO") specification; possession of crack cocaine in an amount more than twenty-five grams but less than one hundred grams; and failure to comply with an order/signal together with assault on a peace officer with peace officer specifications. Neely claims that his plea was not knowingly, voluntarily, and intelligently made, and that his attorney was ineffective. We disagree and affirm.
We glean the following from the record. On May 11, 1998, the grand jury returned an indictment against Neely for failing to comply with an order or signal of a police officer after the commission of a felony in violation of R.C. 2921.331, a felony of the fourth degree, and assaulting a peace officer by means of a deadly weapon or dangerous ordnance in violation of R.C. 2903.11(B), a felony of the first degree. The case was assigned CR. No. 362552.
On July 22, 1998, the grand jury returned another indictment against Neely for possession of crack cocaine in an amount greater than twenty-five grams but not exceeding one hundred grams in violation of R.C. 2925.11(C)(4)(e), a felony of the first degree. The case was assigned CR. No. 365249.
On August 10, 1998, the grand jury returned a third indictment against Neely for possession of crack cocaine in an amount of one hundred grams or more in violation of R.C. 2925.11(C)(4)(f), a felony of the first degree, with a major drug offender specification ("MDO") pursuant to R.C. 2929.01(Y). He was also indicted for the possession of criminal tools (cell phone, pager, scale, and a razor blade) in violation of R.C.2923.24, a felony of the fifth degree. The case was assigned CR. No. 365948.
These cases were eventually set for trial on August 31, 1998. On August 28, 1998, Neely's attorney filed a motion to suppress the crack cocaine evidence in C.R. No. 365948.
On the date set for trial, Neely's lawyer inquired, on the record, whether the judge would rule on his motion to suppress. The judge responded that, "for purposes of judicial economy", the hearing and ruling on the motion to suppress would be made before the jury was sworn. He also indicated that the jury was "lining up" for entry into the court room. After a discussion was had off the record, the jury "voir dire" began.
Later, outside the presence of the jury, the discourse between the judge, the prosecutor, and Neely's lawyer revealed that parties had engaged in and were continuing to engage in plea negotiations and, after the lunch break, they returned to voir dire the jury.
The record then reveals that the judge excused the jury from the court room for purposes of "going * * * over a legal issue". Neely's lawyer indicated that there was a change of plea, but "it would be nice if the Court would consider the motion to suppress so we will know what the Court is going to do with the motion to suppress". The judge responded that he had not ruled on the motion to suppress because he had not yet held the hearing and that Neely could go to trial or plea; it was his choice. The judge noted that the lawyer had been given an opportunity to speak with Neely in the morning and during the hour and forth-five minute lunch break. The lawyer then spoke with the prosecutor, and the prosecutor relayed the terms of the plea agreement on the record.
After the prosecutor set forth the possible sentences attendant to the original charges, Neely's lawyer stated that he had discussed the terms of the plea with his client and that Neely agreed to the twelve-year sentence. The judge asked Neely whether he understood "everything your attorney and the prosecutor just said", and Neely responded, "Yeah". The judge then asked him his age, education, about his last job, and noted that he was "an intelligent young man, capable of making a decision here." He then informed Neely of an "absolute right to go to trial", that no one could force him to plead guilty. Neely acknowledged that he understood this right. In addition, the judge informed him of his right to confront witnesses against him at trial; the right to an attorney if he could not afford one; and the right to call witnesses in his defense and to compel their appearance by subpoena. Again, Neely acknowledged that he understood these rights. The judge also informed him that the state had the burden to prove his guilt "beyond a reasonable doubt to a jury of 12 or a judge." Again, Neely acknowledged that he understood this right.
The judge further asked whether anyone threatened, forced, or coerced him into the plea, to which Neely responded, "No. Ain't nobody, no." Neely also asserted that he was not under the influence of drugs, alcohol, or medication.
Finally the judge asked:
 You understand that this would be an agreed-on sentence, the Court would not have the ability to give you more or less than the agreed-on time, which would be 12 years? Do you understand that?
THE DEFENDANT: Okay.
 THE COURT: In other words, I couldn't give you the 42 they were talking about earlier, and I couldn't give you two. It would have to be 12 years is [sicgoing to be your sentence if you plead guilty, minus whatever credit for time served you have here.
THE DEFENDANT: Okay.
The judge then informed him of "bad time", giving him an example, and the possibility of an increased sentence he may receive as a result. At the close of this conversation, the judge asked him whether he understood "everything that we are talking about, what you are waiving here as to your trial rights?" Neely responded, "Yes, I am getting a grasp for everything." The judge then proceeded to read the charges.
On the charges contained in CR. No. 365948, Neely pleaded guilty to possession of crack cocaine in an amount of one hundred grams or more with the MDO specification and, upon the prosecutor's recommendation, the criminal tools charge was nollied. The judge sentenced him to ten years plus two on the specification, a total of twelve years, to be served concurrently with the sentences in CR. No. 365249 and CR. No. 362552. In CR. No. 365249, Neely pleaded guilty to possession of drugs in an amount greater than twenty-five grams but less than one hundred grams and the judge sentenced him to an eight-year term of incarceration to be served concurrently with the other sentences. Finally, in CR. No. 362552, Neely entered his pleas of guilty for failure to comply with an order/signal, as charged in count one, and assault on a peace officer with peace officer specifications, as amended in count two.[1] The judge sentenced him to a term of 18 months on each count to be served concurrently with the other sentences. Mandatory post-release control, a mandatory fine, and a driver's license suspension was not part of Neely's sentence. Judgment was entered in these cases on September 9, 1998.
On May 21, 1999, Neely filed, pro se, filed a motion for a delayed appeal from the judgment entered in CR. No. 365948. This court assigned Appeal No. 76474 and, on June 23, 1999, granted his motion. On November 5, 1999, Neely, through counsel, filed a motion for a delayed appeal from the judgments in CR. No. 36252 and C.R. 365249. This court assigned Appeal No. 77223 and, on November 8, 1999, granted Neely's motion and consolidated the appeals.
In his first assignment of error, Neely argues:
 I. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA OF GUILTY AS IT WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY.
Neely contends that the judge failed to comply with Crim.R. 11(C) when he failed to determine whether Neely understood the nature of the charges against him. He further claims that "[b]y appealing from the entry and acceptance of his plea [he] is affirmatively showing that the plea of guilty would not have otherwise been made if he had actually understood the nature of the charge and all the facts that were entered into in regard to the charge." He also submits that the appearance of a felony conviction on his record is prejudicial. The State counters that, not only has Neely failed to point to the error in the record, he has also failed to show prejudice because when he entered his guilty pleas, he avoided a significantly harsher sentence that would result from a jury verdict of guilty.
Crim.R. 11(C)(2) sets forth the standard for accepting a guilty plea:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
The transcript clearly shows that the judge advised him of his Crim.R. 11(C) rights, that Neely understood those rights, and that he voluntarily waived them.[2] Neely's first assignment of error is without merit and, therefore, overruled.
The second assignment of error states:
 II. TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA OF GUILTY AS IT WAS NOT ENTERED WITH EFFECTIVE ASSISTANCE OF COUNSEL.
Neely first argues that his counsel was ineffective because he allowed Neely to enter his plea without first obtaining the judge's ruling on his motion to suppress evidence in CR. No. 369548 and for not explaining the "ramifications" of the plea to Neely.
The State points out that, because Neely entered his guilty plea after jury selection began, he was aware that the motion had not been ruled upon. In addition, it asserts that nothing in the record supports the contention that Neely's lawyer did not explain the effect of his plea.
Neely has neither argued nor explained that his motion to suppress was meritorious; he only claims that his lawyer should have first obtained a ruling on the motion before advising him to plead guilty. This court's review of the record shows that the motion related solely to the first-degree felony possession offense, with the MDO specification, and that it was directed to suppressing the crack cocaine discovered by the police under the heating vent of the automobile driven by Neely. The motion contended that the search of the vehicle was "excessive" and beyond the legal scope of an inventory search. He argued that the mere fact that the officers found a cigar shell in the ashtray that may have contained marijuana did not give the officers cause to dismantle the heating vents.
This court recently addressed a similar assignment of error in Statev. McDonall (Dec. 16, 1999), Cuyahoga App. No. 75245, unreported. QuotingState v. Lewis (Aug. 19, 1994), Trumbull App. No. 92-T-4687, unreported, where we noted that "`[a] guilty plea operates as a waiver of any claimed errors regarding suppression issues. * * * This waiver applies in situations where a suppression motion has been withdrawn or denied, as well as where a defendant enters a knowing and voluntary plea of guilty before his motion to suppress is withdrawn or ruled upon.'" McDonall,supra (alteration added, citation omitted).
We must conclude that this second assignment of error is waived, especially in light of the fact that Neely has failed to demonstrate both that his motion was meritorious and that he would have insisted upon going to trial once the judge denied the motion.
Even if the issue was not waived, Neely has not demonstrated that his lawyer rendered constitutionally ineffective assistance. As the Supreme Court set forth in State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraph two of the syllabus, "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington
[1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)."
Neely has failed to satisfy the first element of the Bradley test. As we explained in McDonall, supra, the "[d]efendant's argument ignores that if such motions are denied, this would further erode counsel's ability to negotiate a favorable settlement. Because the prosecution would know with certainty that all inculpatory evidence was admissible, the prosecution would have less incentive to permit the party to plead guilty to a lesser charge." Id.
With regard to the possession and MDO charges contained in CR. No. 365948 alone — without considering the further reductions counsel achieved in CR. No. 362552 and CR. No. 365249, and the possibility of consecutive sentencing — Neely's lawyer cut eight years off of the maximum sentence under the MDO specification, bringing a possible twenty-year sentence to twelve years — ten years on the mandatory ten-year sentence and two years on the MDO specification. In addition, his attorney also negotiated to nolle the criminal tools charge which carried a sentence of six to twelve month sentence. Neely's second assignment of error is overruled.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________ JUDGE ANNE L. KILBANE
ANN DYKE, ADM. JUDGE, CONCURS SEPARATELY;
 JAMES M. PORTER, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.
[1] See R.C. 2903.13(C)(3), felony of the fourth degree.
[2] Neely was not advised of sanctions for violations of post-control as required under r.c. 2943.03.2.
 CONCURRING OPINION